UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BILLY DALE CATON, | § | |
| (TDCJ # 1445765) | § | |
|     Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. G-09-192 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
|     Respondent. | § | |

## MEMORANDUM AND ORDER

Before the Court is the application of Billy Dale Caton for the issuance of a writ of habeas corpus. Caton challenges disciplinary case no. 20090297804, which he received for possession of a weapon (baseball bat). Caton's punishment included thirteen (13) days of solitary confinement; a reduction in time-earning class status from S-2 to L-1; and a loss of 365 days of good time credit. Having reviewed petitioner's application, this Court concludes that the application must be dismissed for failure to state a claim for which federal relief is available.

State prisoners seeking federal court review of a conviction pursuant to 28 U.S.C. § 2254 must assert a violation of a federal constitutional right. *Lawrence v. Lensing,* 42 F.3d 255, 258 (5th Cir. 1994); *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993). In the context of disciplinary proceedings, habeas corpus procedures are appropriate when the allegations concern punishment which may ultimately affect the length of an inmate's confinement. *See Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994); *Serio v. Members of the La. State Bd. Of Pardons*, 821 F.2d 1112 (5th Cir. 1987). Thus, an application for writ of habeas corpus is the proper vehicle in which to protest a disciplinary proceeding that results in the loss of good time credits, which could conceivably lengthen an inmate's duration of confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1972).

In this case, Caton alleges that he was denied due process of law because there was no tangible evidence to support his disciplinary conviction. Petitioner is ineligible, however, for federal habeas relief because of the nature of his conviction. In his habeas application, Caton notes on page five (5) that for his original conviction, there was a finding that he used or exhibited a deadly weapon and that he is not eligible for mandatory release or supervision. Because he is not eligible for mandatory supervision, the duration of Caton's sentence is not affected by a loss of good time and due process protections are not, therefore, triggered. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Madison v. Parker,* 104 F.3d 765, 767 (5th Cir. 1997). To the extent petitioner's claims are interpreted to assert that the challenged disciplinary proceeding will adversely affect his eligibility for parole, he still has not stated a claim that invokes due process. While procedures relative to parole may affect his duration of confinement, it is well settled that the Texas parole statutes do not confer a liberty interest. "It follows that because [the petitioner] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996). Therefore, to whatever extent the challenged disciplinary proceedings affect petitioner's eligibility for parole, his due process rights have not been violated. Petitioner has failed to state a claim that is cognizable under federal habeas review. *See Madison*, 104 F.3d at 767; *Sandin*, 515 U.S. at 483-484.

Accordingly, it is the **ORDER** of this Court that Caton's application for writ of habeas corpus is **DENIED** and this case is **DISMISSED** with prejudice for failure to state a claim upon which federal habeas relief is available.

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of

appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), cert. denied sub. nom. *Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . ..'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). Because the exhaustion prerequisite to federal habeas corpus review is well established, the Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue in this case.

Petitioner's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED.**

SIGNED at Houston, Texas this 5th day of January, 2010.

_____
Kenneth M. Hoyt
United States District Judge